[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 545.]

**Cleveland Bar Association *v*. Simakis.**

**[Cite as *Cleveland Bar Assn. v. Simakis*, 1999-Ohio-120.]**

*Attorneys at law—Misconduct—Six-month suspension with sanction to commence after conclusion of current suspension—Neglecting an entrusted legal matter—Intentionally failing to carry out contract of employment for professional services.*

(No. 99-404—Submitted May 18, 1999—Decided September 8, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-18.

———————————

{¶ 1} On June 8, 1998, relator, Cleveland Bar Association, filed a six-count amended complaint charging respondent, George K. Simakis of Cleveland, Ohio, Attorney Registration No. 0029084, with violating several Disciplinary Rules. After respondent answered, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} As to Count One, the panel found that in 1992 after a tenants' group retained respondent to conduct an investigation, he took no action for nearly a year. The tenants' group discharged respondent and requested that its $500 retainer be returned, but respondent neither replied nor refunded the retainer. The tenants filed suit and obtained a judgment against respondent for the retainer. After this disciplinary action was commenced, they received payment. Respondent said that the delay was due in part to his health problems and a flood in his basement office. The panel concluded that respondent's conduct violated DR 6-101(A)(3) (neglecting an entrusted legal matter) and 7-101(A)(2) (intentionally failing to carry out a contract of employment for professional services).

{¶ 3} Counts Two, Four, and Six were dismissed.

**{¶ 4}** In considering Count Three, the panel found that Mike Neris retained respondent to bring a forcible entry and detainer action against a tenant and to recover past due rent. Respondent filed the actions and obtained an order for restitution at the eviction hearing. However, respondent was delayed in attending the subsequent hearing on damages because he was appearing in another courtroom. At the damages hearing, the court granted a judgment of $1,350 in favor of Neris before respondent arrived. Although Neris claimed that respondent did nothing to obtain the judgment, the court ordered the money paid to respondent, who applied the funds to his fees in the case and other bills that Neris owed. The panel concluded that respondent's conduct with respect to the Neris matter violated DR 6-101(A)(3).

**{¶ 5}** As to Count Five, the panel found that Richard Musson paid a paralegal in respondent's office $500 to initiate probate proceedings with respect to his mother's estate. Respondent gave the work to a member of his office staff, but nothing was done. Musson was unable to contact respondent for four months and finally fired him and requested that the retainer be repaid. Respondent did not refund the retainer until the disciplinary investigation began. The panel concluded that respondent's conduct violated DR 6-101(A)(3) and 7-101(A)(2).

**{¶ 6}** The panel recommended that respondent be suspended from the practice of law for six months. The board adopted the findings, conclusions, and recommendation of the panel. It noted that on July 2, 1998, we suspended respondent from the practice of law for failure to meet his Continuing Legal Education requirements. *In re Report of the Comm. on Continuing Legal Edn.* (1998), 82 Ohio St.3d 1456, 1458, 696 N.E.2d 215, 217, and that suspension remains in effect. The board recommended that respondent's six-month suspension commence at the conclusion of his CLE suspension.

_____

*Daniel L. Brockett* and *Rebecca A. Wistner,* for relator.

*John Michael Drain, Jr.,* for respondent.

_____

**Per Curiam.**

{¶ 7} We adopt the findings, conclusions, and recommendations of the board. Respondent is hereby suspended from the practice of law in Ohio for six months, and that suspension shall commence after the termination of respondent's current suspension for failure to meet his CLE requirements. Any application for reinstatement from this suspension must be accompanied by proof of the reinstatement from his CLE suspension. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____